UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN CLIFT,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 17-1639 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on August 15, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 12.) On May 22, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration of Dr. Jones' opinion as to Plaintiff's likely absences per month.

# I.

## PROCEDURAL BACKGROUND

On January 28, 2013, Plaintiff filed an application for disability insurance benefits and alleged an onset date of September 28, 2008. Administrative Record ("AR") 176. The application was denied initially and upon reconsideration. AR 176; AR 160, 172. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 1, 2014, the ALJ conducted a hearing at which Plaintiff, a medical expert and vocational expert testified. AR 80-102. On November 13, 2014, the ALJ issued a decision denying benefits. AR 173-83.

On May 27, 2016, the Appeals Council vacated the ALJ decision and remanded for resolution of the following issues: (1) effects of claimant's mental impairments on claimant's residual functional capacity in light of the consultative psychiatric examination dated May 16, 2013 by Dr. Bagner; and (2) consideration of the opinion of Richard F. Jones, D.O., dated October 10, 2013. AR 190. On remand, the ALJ was to consider the treating and nontreating medical source opinions and explain the weight given to such opinion evidence; evaluate the claimant's symptoms; consider the claiamnt's maximum residual functional capacity; and, if warranted, obtain supplemental evidence from the vocational expert. AR 190-91.

On remand, the ALJ conducted a hearing, at which Plaintiff and a vocational expert testified, on September 19, 2016. AR 49-79. On November 3, 2016, the ALJ issued a decision denying benefits. AR 14-33. On July 17, 2017, the Appeals Council denied review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper

legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Plaintiff met the insured status requirements through September 30, 2014. AR 20. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1]

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

the ALJ found that Plaintiff had the severe impairments of obesity; fibromyalgia; degenerative disc disease; mitral valve prolapse; tarsal tunnel syndrome status post tarsal tunnel release; Graves' disease; and anxiety disorder. AR 20.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work except that she was limited to lifting/carrying 10 pounds occasionally or frequently; could be on her feet for only 20 minutes at a time; had to use a cane to ambulate; could sit for six hours in an eight-hour workday; could occasionally balance, stoop, kneel and crouch; and could frequently use her hands. She was precluded from crawling, climbing ladders or ropes; exposure to vibrations or air pollutants; and heights. She would be off task up to 5% of each hour and was limited to routine, non-complex tasks that did not require quick physical action or quick decisionmaking. She would miss work once per month. AR 22-23.

Plaintiff could not perform any past relevant work but there were jobs that existed in significant numbers in the national economy that she could perform such as order clerk (food and beverage); and charge account clerk. AR 31-32.

### C. **Treating Physician**

The ALJ gave greater weight to Dr. Jones' opinion dated September 2016 than his opinion dated October 2013, and incorporated some of his limitations in the residual functional capacity assessment. AR 29-30. The ALJ stated that "Dr. Jones' opinions generally take into full consideration the claimant's functional limitations from over a decade. His more recent opinion is more reasonably consistent with and thus, well supported by the objective medical evidence in the record as a whole, especially regarding her decreased exertional limitations and decreased time off-task." AR 29. In addition, his opinion "is considered all the more reliable due to the duration of the treating relationship." AR 30.

Plaintiff argues that the ALJ improperly rejected two of Dr. Jones' limitations that she would be off task 15% of the day and absent from work more than 3 days per month.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted).

The ALJ noted that Dr. Jones' opinion dated September 2016 included limitations that she would be off task for 15% of a typical workday and would miss more than 3 work days per month. AR 29, 1383. The ALJ's residual functional capacity assessment was that Plaintiff would be off task 5% of each hour and would miss one workday per month. AR 23. It is not clear to the court that the ALJ rejected Dr. Jones' 15% off task limitation. The ALJ's hypothetical to the vocational expert explained that 5% per hour would apply to hours not already subject to normal breaks every two hours, because the normal breaks would cover the time Plaintiff needed. AR 75. Thus, assuming normal breaks of 15 minutes after the second and sixth hours, and a meal break of 30 minutes after the fourth hour, the additional 5% break during the first, third, fifth and seventh hours would be roughly the equivalent of being off task 15% during an eight-hour workday under the ALJ's hypothetical. This calculation is consistent with the ALJ's statement giving greater weight to Dr. Jones' September 2016 opinion, "especially regarding her . . . decreased time off-task." AR 29. The vocational expert explained that the representative sedentary jobs could be performed with these off task limitations based on his experience as a rehabilitation counselor. AR 76.

Plaintiff is correct, however, that the ALJ does not expressly explain why he rejected Dr. Jones' opinion that Plaintiff would likely miss more than three days per month. AR 29-30.

The Commissioner argues that the ALJ's reasoning is obvious from his extensive review of the medical records and his conclusion that the records show "largely unremarkable positive findings" and "numerous unremarkable physical examinations during the relevant period." AR 25, 631, 642, 648, 702, 1170, 1190, 1199, 1216, 1223, 1230-31, 1291-92, 1319-20, 1325. Certainly, the court may draw specific and legitimate inferences from the ALJ's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("It is true that the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because. . . .' But our cases do not require such an incantation. As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). However, the ALJ explained why Dr. Jones' second opinion was more reliable and acceptable, but did not provide a basis for discounting or rejecting his opinion. On remand, the ALJ is not required to accept Dr. Jones' opinion as true. *See Burns v. Berryhill*, 2018 U.S. App. LEXIS 10203, *5 (9th Cir. Apr. 23, 2018). The matter is remanded for reconsideration of his opinion regarding Plaintiff's likely absences per month. *Treichler v. Comm'r*, 775 F.3d 1090, 1104-06 (9th Cir. 2014) (remanding to agency when it is not clear claimant was disabled).

**D.    Credibility**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 25.

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

The ALJ determined that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 25. The ALJ's residual functional capacity assessment accepted her testimony that she required a sitting job, could stand for only 20 minutes at a time, and required a cane to ambulate. AR 22-23, 60, 70.

Plaintiff argues that the ALJ could not rely solely on the absence of objective medical evidence to support the severity of her other symptoms. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ also relied upon inconsistencies between Plaintiff's testimony and Plaintiff's statements to her physicians. Plaintiff argues that this reason is no different from reliance on the lack of objective medical evidence to support the severity of a claimant's symptoms. But reliance on a claimant's prior inconsistent statements is permissible and entails a different analysis. An ALJ may rely on "'ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements concerning the

symptoms.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation omitted); *see Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009) (affirming credibility finding based in part on inconsistencies between claimant's testimony about COPD symptoms and her statements to physicians that her COPD was "fine" and she became wheezy only when engaging in heavy exertion); *Tonapetyan*, 242 F.3d at 1148 (affirming credibility finding based in part on comparisons between claimant's testimony and her prior answers to physicians). A "single discrepancy," however, fails to justify a "wholesale dismissal of a claimant's testimony." *Popa v. Berryhill*, 872 F.3d 901, 906-07 (9th Cir. 2017).

Plaintiff testified that she was present when Dr. Jones filled out the forms, and that Dr. Jones asked what her limitations were. When Plaintiff testified at the hearing that her condition had gotten "significantly worse" since Dr. Jones' first opinion, the ALJ observed that Dr. Jones' second opinion both as to the amount of time Plaintiff would be off task and as to her manipulative limitations had actually improved. The ALJ gave Plaintiff an opportunity to explain. In discounting Plaintiff's credibility, the ALJ noted that Plaintiff responded she did not remember that question being asked of her. Dr. Jones asked the questions and "his assistant, like, completed the rest of the form." AR 25, 63.

The ALJ also noted that, in between various procedures, Plaintiff reported to her physicians that her health was generally good and denied feeling fatigue. AR 25, 27; *see* AR 563 (complaining of injury when strong ocean tide pulled her off balance), 630-31 (complaining of ear discharge after swimming over the weekend; reporting health is generally good), 648, 1170, 1190, 1199, 1216, 1223, 1230, 1291, 1318.

When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for reconsideration of Dr. Jones' opinion as to Plaintiff's likely absences per month.

DATED: June 29, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge